## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

TERENCE T. CISERO JR.,
Plaintiff,

v.

GRIND BURGER KITCHEN,
Defendant.

Civil Action No. __3:26CV-113-CHB__

**FILED**

JAMES J. VILT JR,
CLERK

2/17/2026
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

### COMPLAINT AND JURY DEMAND

Plaintiff Terence T. Cisero Jr., proceeding pro se, states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District because the events occurred in Louisville, Kentucky.

4. Plaintiff filed an EEOC Charge, No. 474-2025-00454.

5. The EEOC issued a Notice of Dismissal and Right to Sue on November 17, 2025.

6. This Complaint is timely filed.

### II. PARTIES

7. Plaintiff is an African American resident of Louisville, Kentucky.

8. Defendant Grind Burger Kitchen is a business operating in Louisville, Kentucky with more than fifteen employees.

### III. FACTUAL ALLEGATIONS

9. Plaintiff was hired as a Server on or about December 15, 2024.

10. Plaintiff relied on posted schedules and public transportation.

11. Plaintiff informed management of transportation-related scheduling concerns.

12. Plaintiff's schedule was changed without adequate notice.

2/17/26

13. Plaintiff raised concerns in good faith regarding scheduling and unequal treatment.

14. Plaintiff expressed willingness to work and comply with expectations.

15. Management suggested Plaintiff seek other employment if he could not meet closing requirements.

16. On December 20, 2024, Defendant informed Plaintiff by text message that it was moving forward with a different candidate and instructed him not to report for further shifts.

17. Plaintiff was terminated via text message without progressive discipline.

18. The termination occurred immediately after protected activity.

19. Defendant's stated reasons were pretextual.

20. Plaintiff suffered loss of income, emotional distress, and difficulty securing new employment.

21. Relevant text messages are attached as Exhibit A.

## IV. CAUSES OF ACTION

## COUNT I – RACE DISCRIMINATION (Title VII)

22. Plaintiff is a member of a protected class.

23. Plaintiff was qualified for his position.

24. Plaintiff was subjected to adverse employment action.

25. Defendant's actions were motivated by race.

## COUNT II – RETALIATION (Title VII)

26. Plaintiff engaged in protected activity.

27. Defendant was aware of the protected activity.

28. Plaintiff was terminated shortly thereafter.

29. A causal connection exists.

## V. DAMAGES

30. Plaintiff seeks back pay, compensatory damages for emotional distress, and all other relief permitted by law.

## VI. JURY DEMAND

2/17/26

Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment in his favor, damages, costs, and any other just relief.

Respectfully submitted,

Terence T. Cisero Jr.
5801 Shelby's St
Louisville, KY 40291
Phone: 708-434-9058
Email: mrterencec@gmail.com

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and grant the following relief:

A. A declaration that Defendant's actions violated applicable federal employment discrimination laws, including but not limited to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, as applicable;

B. An award of back pay for lost wages and tips from December 20, 2024 through the date of judgment. Plaintiff was paid $10.00 per hour and would have worked full time at approximately forty (40) hours per week, earning $400.00 per week in wages. Plaintiff additionally customarily earned $90–$100 per shift in tips across five (5) shifts per week, averaging approximately $475.00 per week in tips. Plaintiff's average weekly compensation was therefore approximately $875.00. From December 20, 2024 through February 17, 2026, Plaintiff lost approximately 60.5 weeks of employment, resulting in lost wages and tips totaling approximately **$52,937.50**;

C. An award of compensatory damages as allowed by law, including damages for emotional distress, mental anguish, inconvenience, pain and suffering, and loss of enjoyment of life;

D. An award of punitive damages to the extent permitted by law, to punish Defendant for willful, reckless, or malicious conduct and to deter similar conduct in the future;

E. An award of front pay or reinstatement, with restoration of pay, benefits, seniority, and all other employment rights, as appropriate;

F. An award of costs of this action and such other and further relief as the Court deems just, equitable, and proper.